IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT DERWIN AVERY,

    Plaintiff,

vs.

THE DEPARTMENT OF THE ARMY,

    Defendant.

No. C 14-1077 YGR (PR)

**ORDER OF SERVICE; AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

## INTRODUCTION

Plaintiff, a former member of the United States Army, filed a *pro se* action requesting a review of the Department of the Army Board of Correction of Military Record's ("ABCMR's") 1996 denial of his discharge upgrade application from "Other than Honorable" Discharge to "General Discharge." Dkt. 1 at 1-2,[1] Ex. C at 1. Plaintiff brings this action against the Department of the Army, presumably under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., challenging the ABCMR's aforementioned decision.

Plaintiff is currently being held in a mental health facility at the California Department of State Hospitals - Napa ("DSH-Napa") because he was found not guilty by reason of insanity on a felony battery charge. *See People v. Avery*, 2013 WL 4544028, at *1 (Cal. Ct. App. Aug. 27, 2013) (unpublished).

Plaintiff is also seeking leave to proceed *in forma pauperis* ("IFP"), which will be granted in a separate Order. Plaintiff is a "prisoner" for purposes of IFP because he is currently detained as a result of an accusation for a criminal offense. *See Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000).

Plaintiff has also filed a motion for appointment of counsel.

This Court has jurisdiction under 28 U.S.C. § 1331 because federal question jurisdiction rests in the APA, which generally allows judicial review of federal administrative actions. Review of an agency decision is limited to the reasoning articulated by the agency. *Love Korean Church v.*

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

*Chertoff*, 549 F.3d 749, 753 (9th Cir. 2008) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)). Thus, the reviewing court cannot reject evidence submitted by the parties when the agency did not do so, and must review the legal and factual sufficiency of the agency's reasoning. *See id.*

Plaintiff is seeking monetary damages and an "upgrade" to "General Discharge" in his "discharge criteria." Dkt. 1 at 2-3. Because Plaintiff's claim is for the aforementioned injunctive relief and not only for monetary damages, the Court, at this time, finds that this action does not fall within the scope of the "Tucker Act"[2] and is squarely within this Court's subject-matter jurisdiction. However, Defendant may raise this issue, if applicable, at a later juncture of these proceedings.

## BACKGROUND

The following background is taken from the Memorandum of Consideration of the ABCMR:

> The appellant entered active duty on 9 November 1976, completed basic and advanced individual training, and was assigned to the 25th Infantry Division in Hawaii as a voice radio operator. He received nonjudicial punishment (NJP) for disrespect to a non commissioned officer while in advanced individual training. While he was assigned in Hawaii he received seven NJP's for a number of offenses to include disrespect, AWOL, failure to be at his place of duty, dereliction of duty, and disobeying a lawful order.
>
> On 21 September 1978 court-martial charges were preferred on the applicant for committing assault on another solider. On 22 September the applicant voluntarily requested discharge under the provisions of Army Regulation 635-200, chapter 10, for the good of the service. He consulted with counsel and waived his attendant rights. He also acknowledged that he might encounter substantial prejudice in civilian life and might be ineligible for many or all benefits administered by the VA if a discharge under other than honorable conditions were issued.
>
> The applicant underwent a separation medical examination on 7 June 1978 and was found fit for separation at that time with a physical profile of 111111.[3] He signed a statement on 16 October 1978 that there had been no change in his medical condition since that separation medical examination. There is reference to a mental status evaluation in the applicants discharge proceeding documents, but there is no copy in the available records.

---

[2] The Tucker Act operates as a limited waiver of the United States' sovereign immunity for non-tort claims for money damages, vesting jurisdiction for such suits in the Court of Federal Claims. *See Charlton v. Donley*, 611 F. Supp. 2d 73, 75 (D.D.C. 2009).

[3] According to the internet encyclopedia, Wikipedia, "PULHES" is a military acronym used in the Military Physical Profile Serial System. *See* http://en.wikipedia.org/wiki/PULHES_Factor (last accessed on May 29, 2014). It is used to qualify an enlistee's physical profile for each military skill. *Id.* Each letter in the acronym is paired with a number from 1 to 4 to designate the soldier's or airman's physical capacity. *Id.* For instance, the MOS 19D Cavalry Scout requires a physical profile of 111121 or better, indicating that he may wear glasses (a "2" in the E category) but is otherwise without medical, physical, or psychiatric limitations. *Id.*

> On 11 October 1978 the separation authority approved the applicant's request for the discharge and directed that it be under other than honorable conditions. The applicant was discharged on 16 October 1978.
>
> The applicant applied to the Army Discharge Review Board for upgrade of his discharge. On 14 April 1980 that Board, by unanimous vote, denied his application.
>
> Title 10, U.S. Code, section 1552(b), provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice. The U.S. Court of Appeals, observing that applicants to the Discharge Review Board (ADRB) are by statute allowed 15 years to apply there, and that this Board's exhaustion requirement (AR 15-185, paragraph 8), effectively shortens that filing period, has determined that the 3 year limit on filing to the ABCMR should commence on the date of final denial by the ADRB. In complying with this decision, the Board has adopted the broader policy of calculating the 3 year time limit from the date of exhaustion in any case where a lower level administrative remedy is utilized. The Board will continue to excuse any failure to timely file when it finds it would be in the interest of justice to do so.

Dkt. 1, Ex. C, Feb. 21, 1996 ABCMR Mem. of Consideration at 2-3 (footnote added). The ABCMR explained its decision as follows:

> The alleged error of injustice was, or with reasonable diligence should have been discovered on 14 April 1980, the date of the decision of the Army Discharge Review Board. The time for the applicant to file a request for correction of any error or injustice expired on 14 April 1983.
>
> The application is dated 1 October 1995 and the applicant has not explained or otherwise satisfactorily demonstrated by competent evidence that it would be in the interest of justice to excuse the failure to apply within the time allotted.
>
> The subject application was not submitted within the time required. The applicant has not presented and the records do not contain sufficient justification to conclude that it would be in the interest of justice to grant the relief requested or to excuse the failure to file within the time prescribed by law.

*Id.* at 3-4.

In the instant federal action, Plaintiff argues that there exists new evidence, which was not considered by the ABCMR in its decision not to upgrade his discharge status. Dkt. 1 at 1. Specifically, Plaintiff supports his argument by submitting an October 17, 2013 letter from DSH-Napa Psychologist Peter Pretkel, Psy.D. indicating that Plaintiff was suffering from paranoid schizophrenia at the time of his "Other than Honorable" discharge. *Id.,* Ex. B. Plaintiff claims that this new evidence renders the ABCMR's aforementioned 1996 decision "unsupported by substantial evidence." Dkt. 1 at 1. Plaintiff further argues that the ABCMR incorrectly denied his application as untimely, by stating as follows:

3

> Title 10, U.S. Code, Section 1552(b) provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice. Plaintiff was only diagnosed with this new evidence . . . in October 17, 2013 by [Dr. Pretkel]. [The] [s]tatutory six-year limitation[']s bar to civil actions [commenced against United States] applies to all civil actions weather [sic] legal, equitable or mixed, as well as to claims seeking to correct or upgrade discharge of former service members.

*Id.* at 2 (citing *Kendall v. Army Bd. for Corr. of Military Records*, 996 F.2d 362, 365 (D.C. Cir. 1993) (Title 28 U.S.C. § 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.")). Plaintiff also claims that he is entitled to a "15 year grace period"[4] to raise his original claim before the ABCMR. *Id.*

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### II. APA Claim

By statute, "the Secretary of a military department may correct any military record of [his] department when [he] considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). This review is done through civilian boards for the correction of military records -- in this case, the ABCMR. Federal courts review final decisions made by the civilian records correction boards under the APA. *See Kidwell v. Dep't of the Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 283-84 (D.C. Cir. 1995).

Here, Plaintiff does not seek the Court's intervention in a traditional military personnel

---

[4] The ADRB is authorized to review the character, reason and authority of a discharge of any service member discharged from active military service within the past 15 years. *See* Public Law 95-126; 10 U.S.C. § 1553. However, here, Plaintiff does not clarify to which statute he is relying on that entitles him to a "15 year *grace period*."

4

matter, but rather has raised "nonfrivolous claims of plain legal error involving the Army's failure to comply with statutes, regulations, and mandatory procedures." *Wilhelmus v. Geren*, 796 F. Supp. 2d 157, 161-62 (D.D.C. 2011) (applying traditional APA standard to Plaintiff's claim that corrections board did not distinguish relevant precedent in reaching its decision) (internal quotation marks omitted). The ordinary APA standard will thus apply.

Liberally construed, Plaintiff has stated a cognizable claim against Defendant Department of the Army under the APA. Plaintiff has adequately alleged that the ABCMR's decision was unsupported by substantial evidence when it rejected his request for an upgrade in his discharge criteria to "General Discharge," in light of his paranoid schizophrenic diagnosis. As mentioned above, Plaintiff also alleges that the ABCMR incorrectly denied his application as untimely. Accordingly, Plaintiff's APA claim may proceed against this Defendant.

### III. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. Dkt. 10. The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Moreover, Plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel at this time is DENIED. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings, that is, after Defendant has filed his dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendant's dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to agree to represent Plaintiff *pro bono*.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim under the APA against Defendant Department of

5

the Army.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. 1) and a copy of this Order to the **Department of the Army, c/o John M. McHugh, United States Secretary of the Army, 101 Army Pentagon, Washington, DC 20310-0101.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the United States Attorney's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date his answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A

motion for summary judgment also must be accompanied by a *Rand*[5] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

      c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that

---

[5] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

7

would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff.

 6. All communications by Plaintiff with the Court must be served on Defendant or his counsel, once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

 7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

 8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

 9. Plaintiff's motion for appointment of counsel is DENIED. Dkt. 10.

 10. This Order terminates Docket no. 10.

IT IS SO ORDERED.

DATED: July 23, 2014

                 *[signature]*
                **YVONNE GONZALEZ ROGERS**
                **UNITED STATES DISTRICT COURT JUDGE**