UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DERWIN AVERY,<br><br>             Plaintiff,<br><br>     v.<br><br>THE DEPARTMENT OF THE ARMY,<br><br>             Defendant. | Case No.  14-cv-01077-YGR (PR)<br><br>Related Case No. 15-cv-00808-YGR (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On March 7, 2014, Plaintiff, a former member of the United States Army, filed a *pro se* action requesting a review of the 1996 denial by the Department of the Army Board of Correction of Military Record ("ABCMR" or "Board")[1] of his discharge upgrade application from "Other than Honorable" ("OTH") to "General, Under Honorable Conditions" ("General").[2]  Dkt. 1 at 1-2, Ex. C at 1.  Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP").  He brings this action against the Department of the Army ("Defendant") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., challenging the ABCMR's aforementioned decision.  Plaintiff seeks monetary and punitive damages as well as an upgrade of his discharge criteria.  *Id*. at 3.

At the time he filed the instant complaint, Plaintiff was being held in a mental health facility at the California Department of State Hospitals - Napa ("DSH-Napa") because he was found not guilty by reason of insanity on a felony battery charge.  *See People v. Avery*, 2013 WL 4544028, at *1 (Cal. Ct. App. Aug. 27, 2013) (unpublished).  To date, it seems that Plaintiff has since been released and is no longer being held at DSH-Napa.  Dkt. 38.

On May 7, 2015, the Court issued an order relating the instant action to Plaintiff's other pending civil action, *Avery v. U.S. Army Recruiting*, Case No. C 15-00808 YGR.  Dkt. 43.

Currently pending before the Court in the instant action is Defendant's motion to dismiss

---

[1] The ABCMR is the highest level of administrative review in the Army and exists to correct errors or remove injustices from a Soldier's military records.

[2] There are three levels of administrative discharge: Honorable; General, Under Honorable Conditions; and Other Than Honorable.  *See generally* Army Reg. 635-200.

1    the complaint as untimely. Dkt. 21. Plaintiff filed an opposition. Dkt. 27. Defendant filed a

2    reply. Dkt. 28. Thereafter, Plaintiff refiled another identical copy of his opposition. Dkt. 31.

3    However, along with that copy, Plaintiff also filed his Administrative Record ("AR") (dkt. 33) and

4    his medical records (dkt. 32). Finally, Plaintiff filed a sur-reply.[3] Dkt. 36.

5         Also before the Court is Plaintiff's motion for appointment of counsel. Dkt. 26.

6         For the reasons stated below, the Court GRANTS Defendant's motion to dismiss and

7    DENIES as moot Plaintiff's motion for appointment of counsel.

8    **I.    BACKGROUND**

9         The Court's July 23, 2014 Order of Service included the following background relating to

10   Plaintiff's OTH discharge, which was taken from the February 21, 1996 Memorandum of

11   Consideration of the ABCMR:

> The appellant entered active duty on 9 November 1976,
> completed basic and advanced individual training, and was assigned
> to the 25th Infantry Division in Hawaii as a voice radio operator.
> He received nonjudicial punishment (NJP) for disrespect to a non
> commissioned officer while in advanced individual training. While
> he was assigned in Hawaii he received seven NJP's [sic] for a
> number of offenses to include disrespect, AWOL, failure to be at his
> place of duty, dereliction of duty, and disobeying a lawful order.
>
> On 21 September 1978 court-martial charges were preferred
> on the applicant for committing assault on another solider.[4] On 22
> September the applicant voluntarily requested discharge under the
> provisions of Army Regulation 635-200, chapter 10, for the good of
> the service.[5] He consulted with counsel and waived his attendant
> rights. He also acknowledged that he might encounter substantial
> prejudice in civilian life and might be ineligible for many or all
> benefits administered by the VA if a discharge under other than
> honorable conditions were issued.
>
> The applicant underwent a separation medical examination
> on 7 June 1978 and was found fit for separation at that time with a
> physical profile of 111111. He signed a statement on 16 October

---

[3] Because Plaintiff is proceeding *pro se*, the Court GRANTS him leave to file a sur-reply.
[4] Plaintiff was charged with assault with a means likely to cause grievous bodily harm for hitting another soldier in the head with a glass ashtray. AR 160.
[5] Chapter 10 allows a service member who is charged with a crime to avoid a court-martial, possible conviction, and punitive discharge by requesting to be discharged from the Army with an administrative discharge without being prosecuted. The service member must admit to the crime charged. There are two punitive discharges, which are (from least to most severe): Bad Conduct Discharge and Dishonorable Discharge. *See* Army Reg. 635-200, Chapter 10.

United States District Court
Northern District of California

United States District Court
Northern District of California

1978 that there had been no change in his medical condition since that separation medical examination. There is reference to a mental status evaluation in the applicant[']s discharge proceeding documents, but there is no copy in the available records.

On 11 October 1978 the separation authority approved the applicant's request for the discharge and directed that it be under other than honorable conditions. The applicant was discharged on 16 October 1978.

The applicant applied to the Army Discharge Review Board for upgrade of his discharge. On 14 April 1980 that Board, by unanimous vote, denied his application.

Title 10, U.S. Code, section 1552(b), provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice. The U.S. Court of Appeals, observing that applicants to the Discharge Review Board (ADRB) are by statute allowed 15 years to apply there, and that this Board's exhaustion requirement (AR 15-185, paragraph 8), effectively shortens that filing period, has determined that the 3 year limit on filing to the ABCMR should commence on the date of final denial by the ADRB. In complying with this decision, the Board has adopted the broader policy of calculating the 3 year time limit from the date of exhaustion in any case where a lower level administrative remedy is utilized. The Board will continue to excuse any failure to timely file when it finds it would be in the interest of justice to do so.

Dkt. 15 at 2-3 (quoting Dkt. 1, Ex. C, Feb. 21, 1996 ABCMR Mem. of Consideration at 2-3)

(original footnote omitted and new footnotes added).

The Court also included background on the ABCMR's explanation of its decision to deny

Plaintiff's request to upgrade his discharge criteria, as follows:

The alleged error of injustice was, or with reasonable diligence should have been discovered on 14 April 1980, the date of the decision of the Army Discharge Review Board. The time for the applicant to file a request for correction of any error or injustice expired on 14 April 1983.

The application is dated 1 October 1995 and the applicant has not explained or otherwise satisfactorily demonstrated by competent evidence that it would be in the interest of justice to excuse the failure to apply within the time allotted.

The subject application was not submitted within the time required. The applicant has not presented and the records do not contain sufficient justification to conclude that it would be in the interest of justice to grant the relief requested or to excuse the failure to file within the time prescribed by law.

*Id.* at 3 (quoting Dkt. 1, Ex. C, Feb. 21, 1996 ABCMR Mem. of Consideration at 3-4). Thereafter,

3

United States District Court
Northern District of California

on June 22, 2004, Plaintiff sought reconsideration of the Board's 1996 decision.  AR 2.  On May

12, 2005, Plaintiff's reconsideration request was returned without action pursuant to Army

Regulation 15-185 ¶ 2-15, 32 C.F.R. § 581.3(g)(4), because he did not submit his request within

one year of the Board's February 21, 1996 decision.  *Id.*  Plaintiff was advised that the Board

determined that he "did not meet the criteria for reconsideration," and that he had the option to

seek relief in a court of appropriate jurisdiction.  *Id.*

Finally, the Court gave the following summary regarding Plaintiff's federal action:

> In the instant federal action, Plaintiff argues that there exists new evidence, which was not considered by the ABCMR in its decision not to upgrade his discharge status.  Dkt. 1 at 1. Specifically, Plaintiff supports his argument by submitting an October 17, 2013 letter from DSH-Napa Psychologist Peter Pretkel, Psy. D. indicating that Plaintiff was suffering from paranoid schizophrenia at the time of his OTH discharge.  *Id.*, Ex. B.  Plaintiff claims that this new evidence renders the ABCMR's aforementioned 1996 decision "unsupported by substantial evidence."  Dkt. 1 at 1. Plaintiff further argues that the ABCMR incorrectly denied his application as untimely, by stating as follows:

>> Title 10, U.S. Code, Section 1552(b) provides that applications for correction of military records must be filed within 3 years after discovery of the alleged error or injustice.  Plaintiff was only diagnosed with this new evidence . . . in October 17, 2013 by [Dr. Pretkel].  [The] [s]tatutory six-year limitation[']s bar to civil actions [commenced against United States] applies to all civil actions weather [sic] legal, equitable or mixed, as well as to claims seeking to correct or upgrade discharge of former service members.

> *Id.* at 2 (citing *Kendall v. Army Bd. for Corr. of Military Records*, 996 F.2d 362, 365 (D.C. Cir. 1993).

Dkt. 15 at 3-4.  Plaintiff also claims that he is entitled to a "15 year grace period" to raise his

original claim before the ADRB.[6]  *Id.* at 4.

In its initial review of Plaintiff's complaint, the Court found Plaintiff has stated a

---

[6] The Court notes that the "15 year grace period" that Plaintiff refers to seems to relate to the fact that he is allowed to apply to the ADRB for correction of military records within 15 years of discharge.  *See* Dkt. 1, Ex. C, Feb. 21, 1996 ABCMR Mem. of Consideration at 3.  Therefore, the Court finds that this "15 year grace period" of applying for review to the ADRB does not affect its calculation relating to the timeliness of filing the instant complaint in federal court and the statute of limitations issues below.

4

1    cognizable claim against Defendant under the APA.  *Id.* at 5.  The Court determined that Plaintiff

2    had adequately alleged a cognizable claim that the ABCMR's 1996 decision was unsupported by

3    substantial evidence when it rejected his request for an upgrade in his discharge criteria to

4    General, in light of his paranoid schizophrenic diagnosis.  *Id.*  The Court further noted that

5    Plaintiff had also alleged that the ABCMR incorrectly denied his application as untimely.  *Id.*

6    Accordingly, the Court concluded that Plaintiff's APA claim may proceed against Defendant.  *Id.*

7    The Court served Defendant and issued a briefing schedule.

8           Pursuant to the briefing schedule, Defendant has filed the instant motion to dismiss.

9    **II.    LEGAL STANDARD**

10          **A.    Standard of Review**

11          A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.

12   *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b)(6)).

13   Dismissal is proper if a complaint fails to state a claim upon which relief can be granted.  Fed. R.

14   Civ. P. 12(b)(6).  To survive dismissal, a complaint must contain factual allegations sufficient to

15   "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

16   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When determining plausibility,

17   allegations pertaining to material facts are accepted as true for purposes of the motion and

18   construed in the light most favorable to the non-moving party.  *Wyler Summit P'ship v. Turner*

19   *Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

20          *Pro se* pleadings are to be liberally construed, and "however inartfully pleaded, must be

21   held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*,

22   551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  But, a liberal

23   interpretation "may not supply essential elements of the claim that were not initially pled."  *Pena*

24   *v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

25          **B.    Statute of Limitations Generally**

26          A six-year statute of limitations pursuant to 28 U.S.C. § 2401(a) applies to actions brought

27   against the federal government pursuant to the APA.  *Hells Canyon Pres. Council v. U.S. Forest*

28   *Serv.*, 593 F.3d 923, 930 (9th Cir. 2010); *Wind River Mining Corp. v. United States*, 946 F.2d 710,

United States District Court
Northern District of California

1    713 (9th Cir. 1991); *Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988).

2        28 U.S.C. section 2401(a) states, in relevant part, that "every civil action commenced

3    against the United States shall be barred unless the complaint is filed within six years after the

4    right of action first accrues."  A complaint under the APA for judicial review of agency action is a

5    "civil action" within the meaning of section 2401(a).  *Jersey Heights Neighborhood Ass'n v.*

6    *Glendening*, 174 F.3d 180, 186 (4th Cir. 1999).

7        Under that section, a cause of action "against an administrative agency 'first accrues' . . .

8    as soon as (but not before) the person challenging the agency action can institute and maintain a

9    suit in court."  *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 36 (D.C. Cir. 1987).  Indeed,

10   "[u]ntil the plaintiff can file suit and obtain relief," a limitations period ordinarily does not begin

11   to accrue.  *Cal. ex rel. Cal. Dept. of Toxic Substances Control v. Neville Chemical Co.*, 358 F.3d

12   661, 668 (9th Cir. 2004).

13       In an APA action, the six-year statute of limitations begins to accrue when the final agency

14   action issues.  5 U.S.C. § 704; *Crown Coat Front Co. v. United States*, 386 U.S. 503, (1967).

15   Within the context of APA challenges to military corrections board decisions, it is well established

16   that an APA claim accrues on the date of the correction board's decision.  *See Davis v. United*

17   *States*, 589 F.3d 861, 865 (6th Cir. 2009); *Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir. 1985).

18        Under the doctrine of equitable tolling, a plaintiff who seeks to bring a claim outside of

19   the time frame may do so if "extraordinary circumstances beyond plaintiffs' control made it

20   impossible to file the claims on time."  *Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 595 (9th

21   Cir. 1991).  "[W]hen external forces, rather than plaintiff's lack of diligence, account for the

22   failure to file a timely claim, equitable tolling is proper."  *Id.* at 596.

23       In *Cedars-Sinai Med. Ctr. v. Shalala*, the Ninth Circuit ruled that 28 U.S.C. § 2401(a) is

24   not jurisdictional in nature and is subject to traditional exceptions, such as equitable tolling.  125

25   F.3d 765, 770 (9th Cir. 1997).  Supreme Court Justice Ginsburg noted that "Courts of Appeals

26   have divided on the question whether section 2401(a)'s limit is 'jurisdictional,'" and cited *Cedars-*

27   *Sinai* for the proposition that the Ninth Circuit has fallen on the "non-jurisdictional" side of this

28   circuit split.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 145 (2008) (Ginsburg, J.,

United States District Court
Northern District of California

1    dissenting).  In light of *John R. Sand & Gravel Co.*, more recent Ninth Circuit opinions have

2    questioned the continued viability of the *Cedars-Sinai* conclusion.  *See, e.g.*, *Aloe Vera of Am.,*

3    *Inc. v. United States*, 580 F.3d 867, 872 (9th Cir. 2009).  None, however, has overruled *Cedars-*

4    *Sinai*.  *See Marley v. United States*, 567 F.3d 1030, 1036 n. 3 (9th Cir. 2009) ("We recognized that

5    *Cedars-Sinai* . . . held that the six-year statute of limitations in section 2401(a) is not

6    "jurisdictional," but instead sets up a waivable procedural bar.  Section 2401(a) is not before us, so

7    we need not decide here whether *Cedars-Sinai* can survive after *John R. Sand & Gravel*.")

8    *overruled on other grounds by Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013) *aff'd and remanded*

9    *by*  135 S. Ct. 1625 (2015).  Without precedent to the contrary, this Court is bound to follow the

10   binding precedent in *Cedars-Sinai*.  Accordingly, the applicable statute of limitations may be

11   tolled equitably.  "Generally, a litigant seeking equitable tolling bears the burden of establishing

12   two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

13   circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**III.    DISCUSSION**

   **A.    Timeline**

16        Prior to beginning its analysis, the Court gives another summary of the facts and lays out

17   the important timeline that is relevant to the calculation of the limitations period and cites to the

18   administrative record (Dkt. 33 at AR 1-242):

19        On September 21, 1978, Plaintiff was charged with assault with a means likely to cause

20   grievous bodily harm.  AR 160.

21        On October 16, 1978, Plaintiff was discharged from the Army with an Other Than

22   Honorable Discharge.  AR 113.

23        On November 8, 1978, Plaintiff requested that the ADRB upgrade his discharge criteria to

24   General.  AR 27.

25        On April 2, 1980, the ADRB met and "voted unanimously to deny relief."  AR 24.

26        On May 7, 1980, the ADRB informed Plaintiff of the denial in a letter.  AR 13.

27        On October 1, 1995, the Plaintiff applied to the ABCMR for the upgrade of his discharge

28   criteria. AR 11.  In this request, Plaintiff cited both schizophrenia and mental retardation as bases

United States District Court
Northern District of California

1    for the upgrade.  AR 11.

2         In 1996, Plaintiff was diagnosed with schizophrenia according to Atascadero State

3    Hospital records.  AR 244.

4         On February 21, 1996, after reviewing Plaintiff's request, the Board found that the Plaintiff

5    failed to file a timely request and that "the records do not contain sufficient justification to

6    conclude that it would be in the interest of justice to grant the relief requested or to excuse the

7    failure to file within the time prescribed by law."  AR 5-8.

8         More than eight years later, on June 22, 2004, Plaintiff filed a request for reconsideration

9    of the Board's denial.  AR 2.

10         On May 12, 2005, his request for reconsideration was found to be untimely and returned

11    "without action."  AR 1.

12         After almost nine years, on March 7, 2014, Plaintiff filed the instant complaint with this

13    Court.  Dkt. 1.

14    **B.       Analysis**

15         Plaintiff has raised a claim under the APA for judicial review of the ABCMR's 1996

16    denial of his request for an upgrade in discharge criteria.  As mentioned above, conduct becomes

17    reviewable under the APA upon "final agency action," i.e., the date of the correction board's

18    decision.  5 U.S.C. § 704; *Davis*, 589 F.3d at 865; *Geyen*, 775 F.2d at 1309.  Accordingly,

19    Plaintiff's APA claim accrued upon the date of final agency action by the ABCMR.[7]

20         To the extent that Plaintiff argues his cause of action did not accrue until 2013, when he

21    was diagnosed with paranoid schizophrenia by Dr. Pretkel, this argument is unavailing.  The

22    record shows that Plaintiff was aware of his condition long before 2013.  Dr. Pretkel states that the

23

24         [7] Defendant argues that Plaintiff's APA claim accrued on April 2, 1980 when the ADRB
25    reviewed Plaintiff's request to upgrade his discharge criteria.  Dkt. 21 at 7.  However, the Court
      finds Defendant's argument unavailing.  Plaintiff's complaint requested review of the *ABCMR's
26    1996 denial* of his discharge upgrade application.  Dkt. 1 at 1-2.  While Defendant stands firm and
      argues that the ABCMR's review should "not be construed to be a 'final agency action' that
27    restarts the statute of limitations previously expired," dkt. 21 note 5, Defendant further argues that
      if the Court were to find that Plaintiff's request to the ABCMR restarted the statute of limitations,
28    then his complaint would still be time-barred, *id.*

United States District Court
Northern District of California

8

1  first diagnosis he found of Plaintiff's schizophrenia was in 1996.  AR 244.  Further, Plaintiff's

2  1996 ABCMR application lists "Personality Disorder" and "Schizophrenic" as bases for the

3  upgrade.  AR 11.

4      The Board reached its decision on Plaintiff's Application for Correction of Military

5  Record on February 21, 1996.  AR 5-8.  Therefore, Plaintiff's cause of action accrued, meaning

6  that it began to run, no later than that date.

7      Without any tolling, under 28 U.S.C. § 2401(a), the limitations period would have expired

8  six years later—by February 21, 2002.  Plaintiff did not file this action until March 7, 2014, twelve

9  years after the six-year statute of limitations expired.  Plaintiff's APA claim, therefore, is barred

10  by the statute of limitations, and this action should be dismissed unless Plaintiff can show that he

11  is entitled to tolling.

**1.    Tolling Due to Request for Reconsideration**

13      As explained above, where a "service member 'seek[s] judicial review under the [APA] of

14  an adverse decision by the service's administrative review board,'" the six year statute of

15  limitations period set forth in 28 U.S.C. § 2401 applies.  *See Nihiser v. White*, 211 F. Supp. 2d

16  125, 128 (D.D.C. 2002) (alteration in original) (citation omitted).  If the "service member . . .

17  seeks administrative review of . . . an adverse decision," he "may apply for reconsideration of the

18  adverse review board decision" *Id.* (citing 32 C.F.R. § 581.3(g)(4) (permitting reconsideration of

19  Correction Board decisions)).  However, the plaintiff must request reconsideration within one year

20  of the original adverse ruling.  32 C.F.R. § 581.3(g)(4).

21      The first question in this case regarding tolling is whether and how Plaintiff's request for

22  reconsideration, filed June 22, 2004, and denied as untimely on May 12, 2005, impacts the accrual

23  date of his claim.  The Ninth Circuit has not had occasion to address this issue.  However, a

24  review of decisions from other circuits and district courts reveals a split of authority and a variety

25  of approaches.  The Court addresses four:

26      First, Circuit Judges John L. Coffey, Frank H. Easterbrook, and Kenneth F. Ripple of the

27  Court of Appeals for the Seventh Circuit held that the statute begins running at the time of the

28  original decision by the Board, and a request for reconsideration has no effect on the six-year

United States District Court
Northern District of California

9

1    statute of limitations.  *Soble v. Army Bd. of Corr. of Military Records*, 151 F.3d 1033 (7th Cir.

2    1998) (unpublished table decision).  Adopting such an approach would bar Plaintiff's APA claim

3    in this case.  The plaintiff in *Soble* waited more than twenty years after the Board's original

4    adverse decision to file any requests for reconsideration.  In the instant matter, Plaintiff waited

5    more than eight years after the Board's 1996 denial to file his request for reconsideration.

6            Second, the District Court for the District of Columbia addressed different circumstances,

7    and held that the statute of limitations may be tolled where the plaintiff requests reconsideration

8    within six years of the original, adverse ruling.  *Nihiser*, 211 F. Supp. 2d at 129-30.  But "if an

9    application [for reconsideration] is not filed within six years of the adverse review board decision,

10   the period for filing suit does not run from the date of the decision on reconsideration, instead it

11   runs from the date of the adverse review board decision."  *Id.* at 129 (citing, among others, *Klehr*

12   *v. A.O. Smith Corp.*, 521 U.S. 179 (1997)).  "This rule prevents litigants from using the filing of

13   applications for reconsideration to delay the running of the six year statute of limitations

14   indefinitely, thereby thwarting those practical ends which are to be served by any limitation of the

15   time within which an action must be brought."  *Id.* (internal quotation marks and citation omitted).

16   If this Court strictly followed this approach, Plaintiff's claim would still be barred because he filed

17   his request for reconsideration more than *eight* years after the ABCMR's original 1996 denial.

18   Moreover, the *Nihiser* court did not analyze circumstances in which a plaintiff's motion for

19   reconsideration was untimely under pertinent administrative regulations, as it was in the instant

20   case.

21           Next, the Court of Appeals for the Third Circuit adopted another approach in *Green v.*

22   *White*, 319 F.3d 560 (3d Cir. 2003), holding:

23               [W]e conclude that any petition for rehearing to the ABCMR which
                 does not include "new evidence" or reflect some "changed
24               circumstances" does not re-start the six-year statute of limitations.
                 If, however, the ABCMR re-opens a proceeding and rules upon a
25               petition that does contain such new evidence, such a ruling will
                 constitute a final agency action and will re-start the six-year time
26               limit.  This will be the case even if the petition is filed more than six
                 years after the original ABCMR decision in a petitioner's case.
27
     319 F.3d at 566.  Plaintiff's APA claim would be barred under the *Green* approach.  As noted by
28

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1    the Director of the ABCMR in his May 12, 2005 letter to Plaintiff, the Board did not reopen the

2    proceeding or rule on Plaintiff's request; instead, his request was returned without referral to the

3    Board.  AR 1.  Accordingly, under *Green*, final agency action would have occurred as of the date

4    of the original adverse decision by the ABCMR, and Plaintiff's APA claim would still be time-

5    barred.

6           Finally, in *Davis v. United States*, the Sixth Circuit adopted yet another position on the

7    issue.  In *Davis*, the plaintiff first applied to the ABCMR for the correction of his military records

8    on June 16, 1997, and the Board denied his request on June 3, 1999.  589 F.3d at 862.  On

9    November 27, 2000, approximately a year and a half after the Board's action and beyond the one-

10   year deadline provided by 32 C.F.R. § 581.3(g)(4), the plaintiff requested reconsideration of the

11   Board's action.  *Id.* at 862-63.  The Board denied the plaintiff's request on April 9, 2001, citing a

12   lack of new evidence.  *Id.* at 863.  The plaintiff filed suit on February 9, 2006, more than six years

13   after the Board's initial action.  *Id.*  The district court dismissed the plaintiff's claims as time-

14   barred, and the Sixth Circuit upheld the dismissal.  *Id.*  The Sixth Circuit discussed the approaches

15   outlined above, but noted that none of the decisions took into account "the regulations outlining

16   the structure and purpose of the Board's review."  *Id.* at 864.  The Sixth Circuit emphasized that

17   under 32 C.F.R. § 581.3(g)(4), the veteran was still "legitimately pursuing administrative

18   remedies" as long as he requested reconsideration within one year of the original adverse ruling.

19   *Id.* at 865.  Accordingly, the Court articulated the following rule:

20              [W]e hold that the statute of limitations is tolled during the
                processing of a timely request for reconsideration, but we note that
21              this holding does not require a veteran to request reconsideration of
                the original Board decision in order for his or her claim to be
22              considered exhausted.  A claim will be considered exhausted either
                after the Board's original decision, if there is no request for
23              reconsideration, or after a denial of a timely request for
                reconsideration.  This choice is in the hands of the veteran, because
24              the regulations allow him both avenues for appeal.

25   *Id.*  Applying the rule to the facts before it, the Sixth Circuit held the plaintiff's claim to be time-

26   barred:

27              The key fact is that Davis did not apply for reconsideration within
                the one year required by the regulations.  Because Davis did not
28              raise his petition for rehearing to the Board until after the time

11

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> allotted by the regulations, he was not legitimately still pursuing military administrative remedies. Consequently, the Board reached its final decision on Davis' appeal on June 3, 1999—the day that it denied his request to correct his military record. By waiting until February 9, 2006, to institute this action, Davis failed to bring suit within the six-year statute of limitations required by 28 U.S.C. § 2401(a).

*Id.*

This Court finds the Sixth Circuit's approach in *Davis* most persuasive. It is the only court that considered the effect of 32 C.F.R. § 581.3(g)(4), the same Army regulation that controlled Plaintiff's request for reconsideration in the instant case. Furthermore, the Court concurs with the Sixth Circuit's criticism of the approaches outlined in *Soble*, *Nihiser*, and *Green*. The Sixth Circuit was critical of *Soble*, as its approach—whereby the statute of limitations runs at the time of the original decision regardless of a request for reconsideration—"fails to consider that the regulations explicitly allow for a veteran to file for reconsideration with the Board." *Id.* at 864. With respect to *Nihiser*, "[a]dopting an approach that validates a suit so long as the request for reconsideration was filed within six years undermines the plain language of the regulations and would leave the issue up-in-the-air too long." *Id.* With respect to the Third Circuit's holding in *Green* that a request for reconsideration could toll the statute if new facts were the basis of the request, the *Davis* court cautioned that such an approach "could lead to unpredictability for the veteran who must risk running afoul of the statute when submitting a request for reconsideration." *Id.* The court further noted that "[w]hether a request contains new facts or law may be a complex question for the Board to decide and does not serve as a clear criterion for tolling." *Id.*

Here, the facts in the instant case are most similar to those of *Davis*. The ABCMR's initial adverse decision on Plaintiff's claim occurred on February 21, 1996. AR 5-8. Plaintiff did not seek reconsideration of the Board's decision until June 22, 2004, more than eight years after the initial adverse decision and well beyond the one-year limit for such requests as mandated by the pertinent Army regulations. AR2. Because Plaintiff did not timely seek reconsideration, his APA claim accrued on February 21, 1996, at the latest. Therefore, as mentioned above, any complaint for relief had to be filed by February 21, 2002. Because Plaintiff did not file his complaint in this Court until March 7, 2014, his claim for judicial review under the APA is time-

1    barred, and must be dismissed unless he is eligible for equitable tolling.[8]

2                    **2.    Equitable Tolling**

3           As mentioned above, the equitable tolling doctrine applies to section 2401(a); therefore,

4    the running of the statute of limitations can be equitably tolled for a complaint filed after its

5    expiration where a plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and

6    (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at  418.

7           The Court finds Plaintiff's opposition to be difficult to understand, and agrees with

8    Defendant's description of the opposition as being "far from a model of clarity."  Dkt. 28 at 3.

9    The Court finds no merit to Plaintiff's conclusory assertion, without legal justification, that his

10   APA claim is timely because the six-year limitations period does not apply.  The Court has already

11   found above that the six-year statute of limitations pursuant to 28 U.S.C. § 2401(a) applies and

12   that Plaintiff's APA claim is time-barred.

13          Plaintiff seems to justify review by arguing that the following three pieces of documentary

14   evidence establish a basis for equitable tolling of the limitations period: (1) a verification letter

15   dated August 20, 2014 from "Social Security" stating he started receiving income for his mental

16   disabilities in 1990; (2) a letter dated October 17, 2013 from a psychologist, Dr. Peter Pretkel,

17   stating that he was diagnosed with paranoid schizophrenia; and (3) "Newly Discovered Evidence

18   and Supporting Documents of Robert D. Avery['s] Medical Records.  (Pages 000245-000297)."

19   Dkt. 31 at 3.

20          Plaintiff's arguments related to the aforementioned documentary evidence do not include

21   specific factual assertions which would warrant the application of the equitable tolling doctrine.

22   Plaintiff merely makes a conclusory argument that his claim should not be time-barred because

23   "there are nonfrivolous claims of plain legal error involving the Army's failure to comply with

24   statutes, regulations, and mandatory procedures."  *Id.*  In essence, Plaintiff seems to be arguing the

25

26          [8] Assuming arguendo, if Plaintiff had sought timely reconsideration and his claim had
     accrued on the date reconsideration was denied on May 12, 2005, then it would still be time-barred
27   because the limitations period would have expired on May 12, 2011—three years before this
     action was filed on March 7, 2014.
28

United States District Court
Northern District of California

1   merits of his APA claim instead of putting forth arguments supporting a claim for equitable

2   tolling.  However, because the aforementioned documentary evidence suggests that Plaintiff

3   suffers from mental disabilities, the Court will construe his submission of such documents as a

4   claim for equitable tolling based on mental illness.

5   As explained above, the record shows that Plaintiff was diagnosed with schizophrenia in

6   1996.  AR 244.  Even though Plaintiff fails to explain exactly how this diagnosis has affected his

7   ability to file a timely APA claim, the Court has construed his submission of documentary

8   evidence as a claim that his mental disabilities compromised his ability to prepare a timely APA

9   claim.  Plaintiff's disabilities, which he seems to allege are ongoing, did not stop him from filing

10   his initial request to the ABCMR for an upgraded discharge and then his request for

11   reconsideration in 2004, nor did they prevent him from eventually filing the instant action in 2014.

12   Nevertheless, Plaintiff's mental disabilities may constitute an "extraordinary circumstance" that

13   warrants equitable tolling if they prevented him from being aware of the nature or basis of his

14   claim.  *Cf. Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (*pro se* petitioner's mental

15   incompetence may constitute an "extraordinary circumstance" that warrants equitable tolling if it

16   affects ability to file timely habeas petition); *Kelly v. United States*, 554 F. Supp. 1001, 1005

17   (E.D.N.Y. 1983) (mental incompetency generally does not toll statute of limitations of Federal

18   Torts Claims Act unless mental conditions bears on plaintiff's ability to understand nature and

19   cause of his injuries); *see also Outman v. United States*, 890 F.2d 1050, 1053 (9th Cir. 1989)

20   ("The uncontested evidence in the present case, however, shows that regardless of the precise

21   extent of appellant's mental illness or injury, he was aware of the physical cause of his injury by at

22   least 1977.")

23   Here, Defendant concedes that equitable tolling could potentially apply if Plaintiff's mental

24   disabilities prevented him from being aware of the basis of his claim.  *See* Dkt. 28 at 4 (citing

25   *Federal Election Commission v. Williams*, 104 F.3d 237, 242 (9th Cir. 1996) (equitable tolling

26   potentially applies where plaintiff has failed to discover operative facts that are basis of his

27   claim)).  The record shows that as a factual matter, Plaintiff's ABCMR application lists

28   "Personality Disorder" and "Schizophrenic" as the reasons why he believed he should be eligible

United States District Court
Northern District of California

14

1   for the upgrade in discharge criteria.  Thus, Defendant argues that Plaintiff knew of his diagnosis

2   when he brought it to the attention of the ABCMR in 1996 and that no new facts justify an

3   argument that Plaintiff did not know the basis for his claim.  *Id.*  The Court need not address

4   Defendant's argument because even assuming arguendo that Plaintiff's mental disabilities

5   prevented him from being aware of the basis of his claim, Plaintiff would at most be entitled to

6   equitable tolling from 1996 through June 22, 2004, which is the date he filed his request for

7   reconsideration of the Board's denial.  By June 22, 2004, the record shows that Plaintiff's mental

8   disabilities no longer prevented him from being aware of the nature or basis of his claim because

9   he successfully filed his request for reconsideration on that date.  Therefore, the limitations period

10   would begin to run again on May 12, 2005, the date his request for reconsideration was found to

11   be untimely and returned "without action."  Without any further tolling, under 28 U.S.C.

12   § 2401(a), the limitations period would have expired six years later—by May 12, 2011.[9]  Because

13   Plaintiff did not file this action until March 7, 2014—almost three years after the six-year statute

14   of limitations expired, his claim for judicial review under the APA is time-barred.

15         Accordingly, Plaintiff's complaint is untimely, and Defendant's motion to dismiss is

16   GRANTED.[10]  Dkt. 21.

17   **IV.   CONCLUSION**

18         For the reasons outlined above, Defendant's motion to dismiss the complaint is

19   GRANTED.  Dkt. 21.  The instant action is DISMISSED with prejudice as time barred.

20

21         [9] The Court notes that had it not construed Plaintiff's submission of his medical records as
22   a claim for equitable tolling based on his mental disabilities, then his aforementioned conclusory
allegations would not have sufficed to meet his burden of establishing that (1) he had been
pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *See*
23   *Pace*, 544 U.S. at 418.  Therefore, without equitable tolling, Plaintiff's complaint for relief would
have had to be filed *much* earlier than 2011 or, based on the Court's earlier calculation, by
24   February 21, 2002—six years after the date his APA claim accrued based on the ABCMR's
February 21, 1996 denial.  *See supra* Discussion III.B.
25         [10] Plaintiff's claim for punitive damages is also DISMISSED because this Court lacks
jurisdiction to grant such relief.  The APA does not allow for monetary relief and, in any event,
26   "the United States and its agencies cannot be held liable for punitive damages in the absence of
express statutory authorization."  *Judkins v. Veterans Administration*, 415 F. Supp. 2d 613, 616
27   (E.D.N.C. 2005) (citing *Kasprik v. United States*, 87 F.3d 462, 465 (11th Cir. 1996) and *Manuel v. United States*, 50 F.3d 1253, 1260 (4th Cir. 1995)).

28

United States District Court
Northern District of California

1    Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in

2    good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445

3    (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to

4    proceed IFP on appeal only if appeal would not be frivolous).

5    The Clerk of the Court shall enter judgment, terminate all other pending motions as moot,

6    including Plaintiff's motion for appointment of counsel (dkt. 26), and close the file.

7    This Order terminates Docket Nos. 21 and 26.

8    IT IS SO ORDERED.

9    Dated: July 20, 2015

10   _____
     YVONNE GONZALEZ ROGERS
11   United States District Judge

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16